# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| YSIDRO MORENO JR., | No. CV 13-8492-PLA |
| Plaintiff, | **ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)** |
| v. | |
| NANCY BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

## I.

## **INTRODUCTION**

On June 26, 2018, plaintiff's counsel, Bill LaTour, Esq. ("Counsel"), filed a Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)[1] ("Motion" or "Mot.") seeking the amount of $33,463.50 for representing plaintiff and his child in an action to obtain social security benefits, with a credit to plaintiff for the fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §

---

[1] Unless otherwise indicated, all statutory references are to Title 42 of the United States Code.

1  2412(d), previously paid in the amount of $1,800, for a net fee of $31,663.50. (Mot. at 1). After the Court ordered Counsel to show cause why this fee request was reasonable and did not constitute a windfall (ECF No. 28), Counsel filed a Response to the Court's Order revising the fee request ("Revised Request"). (ECF No. 29). Counsel now seeks a gross fee in the amount of $9,445, with an $1,800 credit to plaintiff for the EAJA fees previously paid, for a net fee of $7,645. (Revised Request at 2). Counsel indicates that a total 10.35 legal service hours (6.35 hours of attorney time and 4 hours of paralegal time) were invested in representing plaintiff before the District Court. (Id.; see also Mot. Ex. 15). Counsel seeks compensation pursuant to a contingent fee agreement, which allows Counsel to recover 25% of retroactive benefits. (Mot. at 7-8, Ex. 4). Plaintiff was served with the Motion, and was informed that he had a right to file a response to the Motion. (Mot. at 2, 10 (Proof of Service)). Plaintiff did not file an opposition, or any other response, to the Motion. On July 3, 2018, defendant filed a Response to the Motion taking no position on the reasonableness of the original fee request. (Response at 4). While plaintiff was informed that he could file a response to the Revised Request (Revised Request at 4 (Notice to Plaintiff), 5 (Proof of Service)), plaintiff did not file an opposition to the much higher original request, and the Court concludes plaintiff likewise does not dispute Counsel's reduced fee request..

The Court has taken Counsel's Motion and Revised Request, and defendant's Response under submission without oral argument. For the reasons stated below, the Court grants the Motion.

## II.

## PROCEEDINGS

On November 27, 2013, plaintiff filed his Complaint in this action. On January 9, 2015, Judgment was entered remanding the case to defendant for further proceedings. (Mot. at 3). On May 9, 2016, the ALJ on remand granted an award of SSI benefits as of the filing date of February 28, 2011. (Mot. at 4). Those payments were discontinued in September 2016 because plaintiff's DIB benefit exceeded the income criteria for SSI eligibility. (Id.). Counsel notes that plaintiff's

back award was $40,672.74, and states that the "SSA office responsible for SSI payments did not provide any provision for withholding the attorney fee of 25% as per 42 U.S.C. § 406(b)." (Mot. at 4 n.4).

With regard to plaintiff's DIB application, plaintiff received past due benefits in the amount of $118,649 for March 2010 through April 2016, from which $29,662.25 was withheld by the Agency for attorney fees. (Mot. at 4-5, Ex. 13). After $6,000 was used to pay § 406(a) fees, the Agency noted that the remainder of $23,662.25 was being withheld to pay § 406(b) fees. (Id.).

Plaintiff was also notified on the same date that as of March 2010 his child was entitled to DIB benefits. (Mot. at 5 Ex. 14). The Agency withheld $9,801.25, representing 25% of the past due benefits, for the attorney's fee. (Id.).

Counsel calculates that the combined past due benefits for plaintiff and his family total $145,297.75 ($118,649 + $26,648.75). (Mot. at 5). The EAJA award offsets any attorney fees award payable from plaintiff's past-due benefits, up to the full amount of the EAJA award.[2] As the fee award being sought is $9,445, the net amount of attorney fees Counsel now seeks payable from plaintiff's benefits is $7,645 ($9,445 - $1,800). (Revised Request at 2).

In support of the Motion, Counsel submitted an Itemization Schedule that reflected that attorney Jessica Williams-Bronner spent 6.35 hours researching, analyzing, and preparing the Joint Stipulation, and that Counsel's three paralegals (one junior and two senior) worked a total of 12.5 hours, 8 of which were spent by a senior paralegal preparing the fee Motion. (Mot. Ex. 15). The total paralegal hours was reduced to 4 in Counsel's Revised Request. (Revised Request at 2).

/

/

---

[2] If attorney fees are awarded under the EAJA and § 406(b), the attorney must refund the smaller of the two awards to the claimant. See Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) (noting that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the . . . claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits).

## III.

## ATTORNEY FEES UNDER THE SOCIAL SECURITY ACT

Section 406(b) provides, in part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). Thus, "a prevailing [disability] claimant's [attorney's] fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." Gisbrecht, 535 U.S. at 792.

In Gisbrecht, the Supreme Court explained that where the plaintiff has entered into a contingent fee agreement with counsel, § 406(b) is meant "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." Gisbrecht, 535 U.S. at 793. Aside from capping the contingency rate at 25 percent, § 406(b) does not explain how courts should determine if requested attorney fees are reasonable. Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc). In Gisbrecht, the Supreme Court held that where the claimant and counsel had entered into a lawful contingent fee agreement, courts that used the "lodestar" method as the starting point to determine the reasonableness of fees requested under § 406(b) improperly "reject[ed] the primacy of lawful attorney-client fee agreements."[3] Gisbrecht,

---

[3] Under the "lodestar" method, attorney fees are calculated by multiplying the number of hours reasonably expended in representing a client by a reasonable hourly fee. Gisbrecht, 535 U.S. at 797-98 (discussing application of the "lodestar" method in the Ninth Circuit). The "lodestar" may be adjusted upward or downward to account for a variety of factors. Id. at 798-99. Courts in this and other circuits look to the following factors to determine whether the lodestar should be adjusted:

> 1) the time and labor required; 2) the novelty and difficulty of the questions involved; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the
> (continued...)

535 U.S. at 793. As the Ninth Circuit explained in Crawford, lodestar rules should not be applied by courts in cases where the plaintiff and attorney reached a contingent fee agreement because "[t]he lodestar method under-compensates attorneys for the risk they assume in representing [social security] claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement. A district court's use of the lodestar to determine a reasonable fee thus ultimately works to the disadvantage of [social security] claimants who need counsel to recover any past-due benefits at all." Crawford, 586 F.3d at 1149. However, even in contingency fee cases, the Court has "an affirmative duty to assure that the reasonableness of the fee [asserted by counsel] is established." Id. To satisfy this duty, the Court must examine "whether the amount need be reduced, not whether the lo[de]star amount should be enhanced." Id.

Here, the Court has conducted an independent check as to the reasonableness of the fee sought here. Plaintiff retained Counsel to represent him in federal court in his appeal from the administrative denial of Disability Insurance Benefits and Supplemental Security Income payments, and agreed to pay Counsel a contingent fee in an amount equal to 25% of any past-due benefits obtained. (Mot. at 3, Ex. 4). Under Gisbrecht and Crawford, the Court examines a lawful contingent fee agreement only to assure that the enforcement of that agreement is not unreasonable. See Gisbrecht, 535 U.S. at 807; Crawford, 586 F.3d at 1149-50. The Court may consider factors such as the character of the representation, the results achieved, the ratio between the amount of any benefits awarded and the time expended, and any undue delay attributable to counsel that caused an accumulation of back benefits. See Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1151. Consideration of these factors warrants no reduction of the fee sought by Counsel here. Counsel obtained a very favorable outcome for plaintiff, ultimately

---

[3](...continued)
experience, reputation, and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.

Allen v. Shalala, 48 F.3d 456, 458 n.3 (9th Cir. 1995) (citation omitted), abrogated by Gisbrecht, 535 U.S. 789.

resulting in a remand for further proceedings and in the payment of past-due benefits. The record discloses no issue regarding the quality or efficiency of Counsel's representation before this Court, or any misconduct or delay by Counsel. The time expended was reasonable to litigate this case to the point where it was ultimately remanded for further proceedings (after which past-due benefits were awarded to plaintiff), and the time spent on plaintiff's case was within the approved range for social security disability cases. See Patterson v. Apfel, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000) (noting that "a survey of several dozen cases in which attorney's fees were awarded in social security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range," and collecting cases).

Counsel asserts that a fee of $9,445 based on 10.35 total hours of legal services time is reasonable in this case. (Revised Request at 2-3; see also Mot. at 5-9). Based on the fact that defendant did not dispute Counsel's higher fee as set forth in the original Motion, the Court concludes that defendant likewise does not dispute Counsel's reduced fee request. (See Response at 5). The Court finds that the revised effective hourly rate for Counsel's professional time -- equaling approximately $912.56 -- is reasonable under the circumstances, even accounting for the fact that 4 of the legal service hours reflect paralegal time.[4] In Crawford, the Ninth Circuit found reasonable § 406(b) fees with effective hourly rates not far removed from the effective rate requested by counsel here (see Crawford, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $875 and $902) (J. Clifton, concurring in part and dissenting in part); see also id. at 1145-46, 1151), as have courts applying the Ninth Circuit's analysis in Crawford. See, e.g., Villa v. Astrue, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (approving § 406(b) fees exceeding $1,000 per hour, and noting that "[r]educing § 406(b) fees after Crawford is a dicey business"). Post-Gisbrecht decisions have approved contingent fee agreements yielding hourly rates greater than the rate sought by Counsel here. See, e.g., Brown

---

[4] Counsel notes that 4 of the total 10.35 legal services hours was paralegal time. (Revised Request at 2; see also Mot. Ex. 15). Even assuming 4 hours of paralegal time at Counsel's firm's lowest hourly paralegal rate of $140 ($560) (see Mot. Ex. 15), the effective hourly rate for Counsel's 6.35 hours of legal services time would be $1,399 (($9,445 - $560) / 6.35), which would not affect the Court's finding that the effective hourly rate is reasonable.

6

v. Barnhart, 270 F. Supp. 2d 769, 773 (W.D. Va. 2003) (fee equivalent to $977.20 per hour awarded, after district court rejected a larger amount); Santino v. Astrue, 2009 WL 1076143, at *4 (N.D. Ind. Apr. 20, 2009) (noting that the court had previously awarded § 406(b) attorney fees equivalent to more than $1,000 per hour); Claypool v. Barnhart, 294 F. Supp. 2d 829, 833-34 (S.D. W. Va. 2003) (court awarded fee amounting to $1,433.12 per hour); Daniel v. Astrue, 2009 WL 1941632, at *2-3 (C.D. Cal. July 2, 2009) (approving fees amounting to $1,491.25 per hour).

Nothing in the record before the Court suggests that there was any overreaching in the making of the fee agreement or any impropriety on the part of Counsel in Counsel's representation of plaintiff before this Court. Counsel assumed the risk of nonpayment inherent in a contingency agreement, the fee does not exceed -- and, indeed, is now less than -- the 25 percent statutory cap (see Revised Request at 2), and Counsel's efforts ultimately proved quite successful for plaintiff. Also, plaintiff had an opportunity to oppose Counsel's original Motion seeking far greater fees, but did not do so. Based on existing authority, the fee requested is not so inordinately large in comparison with the number of hours spent by Counsel on the case that it would represent a windfall to Counsel. Accordingly, the Court finds that the § 406(b) fees requested by Counsel as detailed in Counsel's Revised Request are reasonable in this case.

**IV.**

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that: (1) Counsel's Motion for Attorney Fees as reflected in the Revised Request is **granted**; (2) the Commissioner pay plaintiff's Counsel the sum of $9,455; and (3) plaintiff's Counsel is directed to reimburse plaintiff the sum of $1,800.

DATED: July 19, 2018

*Paul L. Abrams*
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE